## SUPREME COURT.

### THE ALEXANDER PRESBYTERIAN CHURCH agt. THE PRESBYTERIAN CHURCH, CORNER FIFTH AVENUE AND NINETEENTH STREET.

Where a religious corporation, by means of subscriptions from its members principally, establish a mission school and chapel in another location, and purchase premises and erect buildings thereon, and continue such Sunday school and ministry in the chapel for a number of years, and the persons who statedly worship at said chapel become numerous and strong enough to be and are organized into a separate church corporation, under another title, with the consent of the original church, the new corporation does not thereby become vested with any rights in the premises they occupy to the exclusion of the original church.

Neither can the original church be declared a trustee of such premises for the benefit of the new corporation; on the contrary, the rights and ownership of the former in the premises are unchanged, and they are authorized to close up such Sunday school and chapel whenever they think proper.

*New York Special Term, February,* 1873.

THE defendants are a religious society incorporated under the laws of the state of New York. In or about the year 1853 they had established in the Seventh avenue, between Seventeenth and Eighteenth streets, a mission Sunday school, and it having been deemed advisable to establish a chapel in which religious services could be held, as well as the Sunday school, a subscription was taken up among the members of the defendants for that purpose; and with the money so raised a lot was purchased and building erected by the trustees of the defendants. The title to the premises was taken in the name of the defendants.

They from that time, up to the year 1865, continued to

support the said chapel and Sunday school, almost entirely by contributions made by the defendants.

That in the year 1865, pursuant to the permission accorded by the laws of 1850, the persons statedly worshipping at the said chapel were separately incorporated under the name of " The Alexander Church," the plaintiffs in this action, and they continued to worship in that building until they were shut out of it by order of the defendants. This action is brought to have it established that the defendants hold said property in trust for the plaintiffs, and for an injunction restraining the defendants from all further occupancy of said building, and from the management and control of the Sunday school therein.

R. McK. ORMSBY, *for plaintiffs.*
OWEN, NASH & GRAY, *for defendants.*

VAN BRUNT, *J.*—I have been unable to see how the plaintiffs have established any right to the relief which they claim in this action.

It is true that the money which was subscribed and placed in the hands of the defendants was so intrusted to them for the purpose of procuring suitable premises in which to establish a mission chapel and Sunday school, and it may be that the subscribers to that fund would have the right to say that it should not be diverted from that purpose; but it is difficult to see how any person or persons other than the contributors to the fund have any standing in court, so as to complain of the manner in which the fund is administered.

No person can say that they have acquired any vested right to receive the benefit of that fund, and that they shall enjoy its benefits to the exclusion of all others, or that they have succeeded to the defendants as the persons authorized to manage said fund.

It is claimed that the persons worshiping in the chapel, by having, *with the consent of the trustees of the defendants,*

become incorporated, have acquired some other or greater rights than they otherwise would have had. How such rights have arisen does not clearly appear. As members of the defendant's society they had no vested rights in this property, the sole management being in the defendants; and how, when their relationship with the defendants has ceased, such rights should have attached, except because their incorporation was with the consent of the defendants, cannot be explained. Before the incorporation of the plaintiffs, the defendants certainly could have closed these premises, and they have not in any manner surrendered their control over them.

Further, it appears that from the time of the acquisition of this property to the present time, the defendants have maintained in that building a mission school, the teachers and machinery of the school being supplied by the defendants, one of the very purposes for which this money was subscribed and the property bought, and by this action the plaintiffs seek to deprive the defendants of the use of any part of this building for the uses of *their* mission school. Although they do not ask this in so many words, yet in effect it is the same, because they do ask that the defendants may be restrained from the further occupancy of said building. In other words, they have bought and paid for the buildings for the purposes of a school, and are now to be deprived of the use of them for that purpose, because the persons whom they have allowed to worship in that building have become strong and numerous enough to form a separate organization. This would, it seems to me, instead of carrying out the wishes of the donors, be going directly contrary to them.

This property may be trust property, but it is to be managed by the defendants as they see fit, only to be called to account, if by any body, by the persons who contributed the fund; certainly not by any persons who may have enjoyed the benefit of the fund.

The complaint must be dismissed.